IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR LEE JACOBS, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 2:22-cv-447-WHA-SMD ) (WO) |
| CHILTON COUNTY JAIL, | ) ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Arthur Lee Jacobs, proceeding *pro se*, filed this 42 U.S.C. § 1983 action on August 1, 2022. After reviewing the complaint (Doc. 1) and finding deficiencies with this pleading, the court determined that Jacobs should be provided an opportunity to file an amended complaint to correct the deficiencies. On August 16, 2022, the court entered an order explaining the deficiencies in the complaint and providing Jacobs with specific instructions regarding filing an amended complaint. *See* Doc. 7. Jacobs was cautioned that his failure to comply with the August 16, 2022 order, would result in a Recommendation that this case be dismissed. Doc. 7 at 3. To date, Jacobs has not filed an amended complaint as directed or otherwise complied with the court's August 16, 2022 order.

Because of Jacobs's failure to comply with the court's order, the undersigned concludes that this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and

acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before October 17, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 3rd day of October, 2022.

/s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE